Mr. Justice Clayton
delivered the opinion of the court.
This case is, in most respects, like that of the Grand Gulf Bankv. Archer, ante, 151. The most important point of difference is, that the bank, in discounting this note, did not pay out its own notes, but the notes of other banks, which circulated in payment of debts at par, but which were in reality twenty to twenty-five per cent, below specie par. The judgment below was for the plaintiff, for the amount due upon the note, with interest.
The question presented is, whether this transaction was usurious. On the authority of numerous cases, we think it was. Bank v. Hays and Grundy, 1 Yerg. 243; Harrison v. Bank of Kentucky, 2 J. J. Marshall, 140; Bank of the State v. Ford, 5 Iredell, 698.
In the case last cited, the supreme court of North Carolina held, “ that every attempt by a bank, to put upon a borrower bank bills, not its own, and below par at that time and place, is usurious, unless the bank by its contract and loan, engages to make the notes as good as cash.”
The contract must stand or fall by itself. The use which the defendant makes of the money, is not a matter of inquiry with us; or one which can influence the decision. On this point, the same court said, “ the borrower may not have lost by the transaction ; for perhaps he bought property with the notes at half its value, or lent them to some one else at par, and a still higher rate of interest. But such advantageous dispositions of them are his own acts, and at his own risk, altogether distinct from the original contract of lending and borrowing. By that contract, the lender got clear of the notes, knowingly reserving for the loan of them more than the lawful rate of interest; and thereby is its validity to be determined.”
If the defendants below satisfy the jury of the truth of their *542 defence, then no more can be recovered than the specie value of the notes at the time they were lent, without interest.
Judgment reversed, and new trial granted.
Thachee J. concurred in the judgment here, but dissented from the order made to govern in a future trial, and referred to his dissenting opinion in the case of Grand Gulf Bank v. Richard T. Archer el als.